**Exhibit B**

Trial Court Opinion in the matter of
*Reilly et. al. v. Arrowhead Lake Cmty. Ass'n*,
Monroe County Court of Common Pleas, No. 8215-CV-2022

Monroe County Prothonotary Filed February 05, 2026 4:10 PM

**COURT OF COMMON PLEAS OF MONROE COUNTY**
**FORTY-THIRD JUDICIAL DISTRICT**
**COMMONWEALTH OF PENNSYLVANIA**

| | |
|---|---|
| **MONET REILLY et al.,** | : **NO. 008215-CV-2022** |
| **Plaintiffs** | : |
| **vs.** | : |
| **ARROWHEAD LAKE COMMUNITY ASSOCIATION,** | : |
| **Defendant** | : **PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

**<u>O P I N I O N</u>**

This case involves a request for declaratory relief concerning the regulation of short-term rentals, or vacation rentals, in a Planned Unit Development. Plaintiffs have filed a Motion for Summary Judgment seeking to have the regulation declared as void and unenforceable under the covenants for the Planned Unit Development known as Arrowhead Lake. Plaintiffs are the owners of lots/houses in the Arrowhead Lake Community located in Tobyhanna and Coolbaugh Townships, Monroe County, PA. The Arrowhead Lake Community is located within a geographic area known as the "Pocono Mountains." The Defendant, Arrowhead Lake Community Association ("Association") is the owner of common elements within the Arrowhead Lake community, including roads, lakes, recreational facilities and all common areas. The Association operates pursuant to covenants, bylaws and certain rules and regulations. All of the Plaintiffs are members of the Association by virtue of their ownership of a lot/home within the Arrowhead Lake Community. Plaintiffs initially sought injunctive relief,

monetary damages and declaratory relief. Hearings were first held on February 8, 2023 and February 13, 2023 on Plaintiffs' request for a preliminary injunction to prevent Defendant from enforcing a regulation regarding short-term rental use of Plaintiffs' properties. By Opinion and Order filed on March 2, 2023, the request for a preliminary injunction was denied. The parties have since engaged in discovery. The Plaintiffs who sought monetary damages have voluntarily withdrawn those claims. The sole remaining claim by Plaintiffs is a request for declaratory relief finding that the enacted short-term rental regulation is contrary to the covenants of Arrowhead Lake and is therefore void and unenforceable. Plaintiffs allege that any fees or regulation of properties for use as a rental must be approved by an amendment to the covenants by an affirmative vote of 67% of the members of the Association.

Plaintiff has moved for Summary Judgment on their claims for declaratory relief. Defendant has filed a response to the motion, and in the alternative, requests a finding that the short-term rental regulation does not violate the covenants. Defendant asserts that the Association's Board acted in good faith and in a manner permitted by the covenants and bylaws of Arrowhead Lake and pursuant to the Uniform Planned Community Act ("UPCA") of 68 Pa. C.S.A. Section 5101 et seq. in enacting the short-term rental policy. Defendant has not filed a separate motion for summary judgment. However, we consider the Defendant's Response to Plaintiffs' Motion to be a request for judgment in its favor. The parties agree on the relevant facts of this case and to the documents at issue. They just do not agree on the interpretation of those documents. Therefore, this court accepts that both parties are seeking a final order of court based upon Plaintiffs' Motion for Summary Judgment, Defendant's Response thereto, the underlying request of the Plaintiffs for Declaratory Relief, and the relevant facts and documents that are not in dispute.

## FACTUAL BACKGROUND

Plaintiffs are owners of lots/homes in the Arrowhead Lake Community. Arrowhead Lake is private community consisting of approximately 2466 lots, roads, lakes, recreational facilities and other common areas. The original developer was All-American Realty Co., Inc. ("All American"), who started developing and selling lots in the 1960's. Deeded restrictive covenants were recorded with individual property deeds when All-American sold lots. *See* Plaintiffs' Complaint, Exhibit A, B, C and D, attached to Plaintiffs' Motion for Summary Judgment as Exh. 1. Those covenants run with the land in all successor deeds.

In or about 1984, All-American defaulted on terms of a loan with a local lender. All remaining lots were transferred to a holding company formed by that lender, which was called Benasa Realty Co.[1] At or prior to that time, the Association was formed and the common elements of Arrowhead Lake comprising the roads, lakes, recreational facilities and all common areas were transferred to the Association. The deeded restrictive covenants to the properties conveyed by All-American to lot owners contained language that all lot owners were members of the Arrowhead Lake Country Club, Inc., which would manage the common elements. The deeded restrictive covenants also stated that all guests and family members of owners had to be approved as "honorary members" of Arrowhead Lake Country Club, Inc. Id. It is unknown if Arrowhead Lake Country Club, Inc. was ever formed by the developer, All American, or was in actual operation. However, by the time Benasa Realty Co. took title to all remaining lots of All-American in 1984, the common elements had been transferred to the newly formed Association.

A "Declaration of Easement" between Benasa Realty Co. and the Association was recorded at the Monroe County Recorder of Deeds Office in Deed Book 1382 page 268 in or

---

[1] The court takes judicial notice of these facts from courthouse records. *See* also Declaration of Easement attached to Plaintiffs' Complaint as Exh. E and to Plaintiffs' Motion for Summary Judgment as Exh. 1

about 1984. *See* Plaintiffs' Complaint Exh. E, attached to Plaintiffs' Motion for Summary Judgment as Exh. 1. The Declaration of Easement had attached thereto restrictive covenants ("1984 Declaration of Covenants") that were to apply to all lots in Arrowhead Lake that were conveyed to Benasa Realty Co. The 1984 Declaration of Covenants have not been amended. The 1984 Declaration of Covenants contained most of the same covenants as the deeded restrictive covenants conveyed by All-American, but with a few exceptions. Most notably, the references to the "Developer" or to "Arrowhead Lake Country Club, Inc." in the deeded restrictions were replaced by the "Association;" and, updated and additional language concerning annual assessments, use of the common elements, and powers of the Association were added.

The Association subsequently adopted bylaws, of which the most recent version was last revised on November 8, 2014. *See* Defendant's Response to Motion for Summary Judgment Exh. B. The Association's Board of Directors adopted Rules and Regulations, of which the most recent version was last revised on January 1, 2023. *See* Defendant's Response to Motion for Summary Judgment, Exh. C.

The parties agree that the Association has enacted policies and/or rules and regulations in the past concerning the rental of properties in Arrowhead Lake by property owners. On December 3, 2022, the Board of Directors of the Association enacted a new policy, effective January 1, 2023, regarding short-term rentals, or vacation rentals. *See* Plaintiffs' Complaint Exh. F attached to Plaintiffs' Motion for Summary Judgment Exh. 1. That short-term rental policy was the initial subject of Plaintiffs' suit that was filed in this matter.

On or about April 15, 2024, the Board of Directors of the Association adopted a slightly revised short-term rental policy. *See* Plaintiff's Motion for Summary Judgment Exh. 2. Plaintiffs seek declaratory relief that Defendant cannot enact any short-term rental policy without

a change to the covenants. *See* Plaintiff's Motion for Summary Judgment Exh. 2. To amend or change covenants requires the approval of 67% of the owners under the U.P.C.A.

**DISCUSSION**

Plaintiffs seek a declaration from this court finding that the Association's short-term rental policy is void and unenforceable. Plaintiffs' position is that any short-term rental policy, rule, regulation or bylaw would violate the 1984 Declaration of Covenants and the prior deeded restrictive covenants, and can only be done by an amendment to the covenants. Plaintiffs assert that the rental of properties is freely allowed under the covenants without additional requirements or fees as the Association can only charge the same yearly assessment to all lot owners as necessary to cover the expenses of maintaining, protecting and operating the recreational facilities and roads in Arrowhead Lake, and nothing more.

The Association counters that nothing in the deeded restrictive covenants nor in the 1984 Declaration of Covenants prohibits the regulation of short-term rentals by the Association. To the contrary, the Association views the covenants as specifically allowing it to regulate properties being rented in Arrowhead Lake. The Association argues that the declaratory relief sought by Plaintiffs should be denied.

The Declaratory Judgment Act provides that "[a]ny person interested under a deed, will, written contract, or other writings constituting a contract . . . may have determined any question of construction or validity arising under the instrument . . . and obtain a declaration of rights, status or other legal relations thereunder." 42 Pa. C.S.A. Section 7533. The court can make declarations as to the parties' rights and status, either affirmatively or negatively in form and effect, and such declarations shall have the force and effects of a final judgment or decree. 42 Pa. C.S.A. Section 7532.

Summary judgment is appropriate at the close of pleadings, when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Pa. R.C.P. 1035.2; Ertle v. Patriot News Co., 674 A.2d 1038 (Pa. 1996). In this case, the court is treating Plaintiffs' Motion for Summary Judgment as a final determination on the declaratory relief requested by Plaintiffs. We find authorization for this in the Declaratory Judgment Act and the Motion of Plaintiffs and the Response of the Defendant.

A. Association Covenants and Deed Restrictions –

The deeded restrictive covenants referenced by Plaintiffs and the 1984 Declaration of Covenants differ somewhat. *See* Plaintiffs' Complaint Exh. A, B, C, D and E attached to Plaintiffs' Motion for Summary Judgment Exh. 1. Without going through all of the differences, we note relevant ones acknowledged by the Plaintiffs that are contained in the deeded restrictive covenants, but are not contained in the 1984 Declaration of Covenants, as follows:

> "It is covenanted and agreed . . . that no part or portion of the above-described premises shall be owned, used or occupied . . . by any person or persons unless such person or persons shall first be approved for membership in Arrowhead Lake Country Club, Inc."

Id. at Exh. A, B, C, D.

> "Nor will any grantees sell, convey, rent, lease or permit to be occupied . . . by any person or persons, excepting those first approved for membership in Arrowhead Lake Country Club, Inc. and will submit the required application to said club, and obtain approval thereof before any sale, conveyance, lease or rental is consummated, or occupancy is permitted."

Id.

> "The lakes shall be used by no one who is not an owner of a plot at Arrowhead Lake, or a guest or member of the family of such owner provided they first shall be approved for honorary membership in Arrowhead Lake Country Club, Inc."

Id. Note: this is the same language as in the 1984 Declaration of Covenants paragraph 6 except that Arrowhead Lake Country Club, Inc. is later replaced by Arrowhead Lake Community Association.

Plaintiffs also acknowledge that the 1984 Declaration of Covenants provides for an annual assessment that is more than in the deeded restrictive covenants, includes a method of increasing yearly assessments tied to an increase in costs or an increase in benefits for lot owners each year, and calls for capital improvement assessments. There were other additional provisions contained in the 1984 Declaration of Covenants that were not in the deeded restrictive covenants, of which the relevant ones will be discussed later.

A planned community declaration is the equivalent of a contract between members of an association and the association itself. Wrenfield Homeowners Assoc. v. DeYoung, 600 A.2d 960 (Pa. S. 1991). Deed restrictions are no different. *See* Starling v. Lake Meade Prop. Owners Ass'n., Inc., 162 A.3d 327 (Pa. 2017); Hankin v. Goodman, 246 A.2d 658 (Pa. 1968); Goldberg v. Nicola, 178 A. 809 (Pa. 1935).

We find that the deeded restrictive covenants of certain Plaintiffs' chains of title and for others in Arrowhead Lake as set forth in Plaintiffs' Complaint at Exh. A, B, C and D are enforceable, unless it is impossible to enforce. Plaintiffs and other owners in Arrowhead Lake who purchased properties out of the Benasa Realty Co. chain of title, after All-American transferred the remaining lots to Benasa, and after roads and common elements were transferred

to the Association, are subject to the 1984 Declaration of Covenants.[2] Those covenants are also enforceable.

The reference in the deeded restrictive covenants of owners needing approval for membership in Arrowhead Lake Country Club, Inc. is impossible because the Arrowhead Lake Country Club, Inc. no longer exists. Likewise, the requirement that any grantees who sell, convey, rent, lease or permit to be occupied, must also be approved for membership in Arrowhead Lake Country Club, Inc. is also impossible. Finally, the restrictive covenants requiring that the lakes be used by no one who is not an owner or a guest or family member of the owner unless approved for membership in Arrowhead Lake Country Club, Inc. are also impossible. However, the impossibility only applies to being approved by the Arrowhead Lake Country Club, Inc. since it does not exist.

The Association is the successor to Arrowhead Lake Country Club, Inc. The common elements were conveyed to the Association, the Association has been operating for the benefit of the lot owners, and the Association has been and continues to maintain, protect and operate the common elements and the roads in Arrowhead Lake. This was undisputed by the parties. Therefore, for purposes of their membership in the Arrowhead Lake Country Club, Inc. referenced in certain lot owners' chains of title, their membership is now in the Association, who has assumed that role. The requirement and duties imposed in certain lot owner' chains of title by the deeded restrictive covenants is now owed to and performed by the Association. The change in the entity does not void any of the requirements or other language of the deeded

---

[2] The separation into two qualifying sets of properties, one governed by deed restrictions and one governed by the 1984 Declaration of Covenants is unavoidable. The transfer of remaining lots and transfer of common elements referenced in the 1984 Declaration of Easement specifically states that the 1984 Declaration of Easement applies to lots transferred to Benasa by All-American. There was no provision therein that it applies to lots previously sold by All-American. The parties have not fully addressed this as an issue, if any.

restrictive covenants of Exh. A, B, C and D in Plaintiffs' Complaint. We will look at both the deeded restrictive covenants applicable in Arrowhead Lake and the 1984 Declaration of Covenants in determining applicability of the Association's short-term rental policy.

B. Prior rental policies in Arrowhead Lake –

Plaintiffs and Defendant have both referenced that rental regulations have existed in Arrowhead Lake prior to the short-term rental policy at issue. Neither party has specifically argued that a failure to challenge prior rental policies is a waiver to challenge it now. We address it nonetheless and find that the deeded restrictive covenants and the 1984 Declaration of Covenants provide for a non-waiver of rights to enforce restrictions, conditions or covenants at anytime. We also find that prior rental policies are irrelevant to the current request for declaratory relief.

C. Association's Short-Term Rental Policy –

Plaintiffs argue that the deeded restrictive covenants and the 1984 Declaration of Covenants do not allow for the imposition of the short-term rental policy. Plaintiffs argue the plain language of the covenants bars restrictions on the renting of properties, that the covenants do not provide for regulations on the use of properties, and that the Association is limited to charging only for common areas and road expenses as part of annual assessments. The Association counters that the covenants do allow restrictions on the renting of properties, including short-term rentals, that the covenants do provide for regulation of the use of properties, and that the Association is allowed to charge fees outside of the annual assessments made for common elements and roads. We must interpret the different covenants at issue here to make a determination as to the claims of both parties.

Restrictive covenants are limitations on a person's free and unconstrained use of property. Richman v. Mosites, 704 A.2d 655 (Pa. Super. 1997). They are not favored by the law, but are legally enforceable. Logston v. Penndale, Inc., 576 A.2d 59 (Pa. Super. 1990). Restrictive covenants are to be strictly construed against the person seeking to enforce and in favor of free and unrestricted use of property. Baumgardner v. Stuckey, 735 A.2d 1272 (Pa. Super. 1999). A court must rely on the ordinary meaning of the language in restrictive covenants and cannot enlarge by implication a restraint on the use of land. Berger v. Ackerman, 439 A.2d 200 (Pa. Super. 1981).

When words of an agreement are clear and unambiguous, the intent of the parties is to be ascertained from the language used in the agreement. LJL Transportation, Inc. v. Pilot Air Freight Corp., 962 A.2d 639 (Pa. 2009). Where a "covenant is unambiguous, review by a court is limited to the confines of the covenant." Richman, supra. Where there is ambiguity in the restrictive covenant's language, it is to be resolved in favor of the owner of land. Jones v. Park Lane for Convalescents, 120 A.2d 535 (Pa. 1956). To ascertain the intent of parties in a restrictive covenant, the covenant must be construed in light of: 1) the language therein; 2) the nature of the subject matter; 3) the apparent object or purpose of the parties; and 4) the circumstances or conditions surrounding the execution of the covenants. Vernon Twp. Vol. Fire Dept. Inc. v. Connors, 855 A.2d 873 (Pa. 2004).

Plaintiffs argue that the short-term rental policy places restrictions on owners' properties that are not permitted by the covenants and are therefore unenforceable without an amendment to the covenants. As Plaintiffs and Defendant note, the restrictive covenants do not directly reference rental properties or short-term rentals. But, the covenants generally provide the right of owners to rent properties in Arrowhead Lake.

In the deed restrictions, there is a provision that before grantees (owners) sell, convey, rent, lease or permit the premises to be occupied by others, they must first be approved for membership in Arrowhead Lake Country Club Inc. and obtain approval thereof before any sale, conveyance, lease or rental is consummated or occupancy is permitted. (emphasis added). *See* Plaintiffs' Complaint Exh. A, B, C, D attached to Plaintiffs' Motion for Summary Judgment Exh. 1. The language of the deeded restrictive covenants certainly provides the right for owners to rent properties, provided they obtain approval from Arrowhead Lake Country Club, Inc. By successor thereto, that entity is now the Association.

The 1984 Declaration of Covenants also contemplates rentals by owners of property in Arrowhead Lake. Paragraph 6 of the covenants provides that no one is permitted to use the lakes who are not an owner or a guest or member of the family, provided they shall first be approved for honorary membership in the Association. (emphasis added). Id. at Exh. "E." Paragraph 12(b) of the covenants also contemplates the rental of property in that each lot owner, assign, guests or members of the owner's family are subject to approval for the use of the beach or recreational areas, subject to rules and regulations of the Association. (emphasis added). Id.

The term "guest" and "assign" are generic terms that can mean someone with permission of the owner to be there. This language can commonly include renters at the owners' properties. As such, we find the language of the covenants provides a clear right for owners to rent their properties.

However, such a right is not unqualified and the covenants do provide a means for the Association to regulate rentals within Arrowhead Lake, including the imposition of the short-term rental policy that has been enacted. First, both the deeded restrictive covenants and the 1984 Declaration of Covenants generally allow for regulation of the use of the properties for

single-family residential purposes. Both the deeded restrictions and the 1984 Declaration of Covenants state in the first paragraph that all lots shall be reserved and used for single-family residential purposes exclusively (emphasis added). Id. at Exh. A, B, C, D and E.

We find this language permits the regulation of the use of lots in Arrowhead Lake by the Association. Restrictive covenants fall into two categories: building and use restrictions. *See* Jones v. Park Lane for Convalescents, supra. Building restrictions concern the physical aspect or external appearance of the building. Id. Use restrictions involve the purposes for which the buildings are used, the nature of the occupancy and the operations conducted therein Id. A restrictive covenant can manifest an intention to restrict both construction and use. Id. To create a use restriction, the language must squarely address the use or manner of occupation of the property. Groninger v. Aumiller, 644 A.2d 1266 (Pa. Super. 1994).

In this case, the language of the covenants clearly limits not just the construction, but also the use of properties for single-family residential purposes. This implies normal uses as a single-family home. Short-term rentals have been held to be a purely transient use of a dwelling and would not normally be a permitted use where limited to single-family homes. *See* Slice of Life LLC v. Hamilton Twp. Z.H.B., 207 A.3d 886 (Pa. 2019). While the Slice of Life case dealt with the interpretation of a zoning ordinance, the finding therein that a short-term rental was not compatible with a single-family use restriction is instructive. Absent some permissive reason, it is not an allowed use, even though a long-term rental, for thirty (30) days or more, would be allowed where limited to single-family homes. Therefore, while Plaintiffs have an ultimate right to rent their properties under the bylaws, the specific use as a short-term rental can be regulated by the Association if it wants to allow such rentals, by the implication of that language limiting use to single-family homes.

Plaintiffs have cited the case of Chan v. Ass'n. of Property Owners of the Hideout, Inc., 323 A.3d 92 (Pa. Cmwlth. 2024), app. denied 333 A.3d 1250 (Pa. 2024) as binding authority to allow short-term rentals without regulations and fees. However, the Hideout case is distinguishable from the facts at Arrowhead Lake. Both involve the regulation of short-term rentals. Both involve the right to rent properties as provided for in the covenants. However, in the Hideout case, the holding was limited to a finding that the Declaration of Covenants did not contain language regarding use restrictions. Instead, the covenants noted that no improvement was permitted except a single-family dwelling. This restriction solely pertained to the building and construction of the homes. The court found there was no language about the use of the homes. The narrow holding was limited to the lack of any use restrictions, and in light of the right to rent properties, the bylaw containing restrictions on short-term rentals was unenforceable without an amendment to the covenants. Id. Here, there is a use restriction limiting all lots to be used for single-family residential purposes, and not just the construction of single-family homes. Therefore, the holding in the Hideout case does not apply here, and the Association can regulate use under the covenants.

Furthermore, in addition to the language in the deeded restrictive covenants and the 1984 Declaration of Covenants regarding a reservation that all lots be used for single-family residential purposes exclusively, there is other language in the covenants permitting the short-term rental policy. All of the covenants state that guests' use of the lake requires that they be approved for honorary membership in the Association.[3] The covenants also state that no part or portion of the lots shall be used or occupied unless first approved by the Association. The language of the covenants also requires approval from the Association to use of the lake. There

[3] For lot owners subject only to the deeded restrictive covenants, it states the Arrowhead Lake Country Club, Inc., which is now by successor thereto, the Association.

is no restriction or limitation on what is required in order to be approved by the Association. If the Association can approve use and occupancy, it an decide how that approval is given. The language requiring membership approval is unambiguous. The Association can determine what is required for approval, as the covenants place no limits thereon.

The covenants also provide for the use of beach facilities. Again, the covenants provide that all owners, guests and family members must be approved for membership in the Association. In paragraph 12 of the pre-1984 deeded restrictive covenants, the owners, guests and family members must comply with rules and regulations as promulgated from time to time by the Association, as the successor to the common facilities, for certain uses. Id. at Exh. A, B, C, D. The 1984 Declaration of Covenants goes one step further and states that all owners', assigns', guests' and family members' use of beaches or recreational areas are subject to approval of the Association, that charges can be incurred, and that there be compliance with rules and regulations of the Association. Id. at Exh. E. para. 12.

Finally, in the 1984 Declaration of Covenants, the Association is required to maintain the beaches, roads and common use facilities, while having the right to deny use thereof for violation of rules and regulations. Id. In short, all of the covenants applicable to Arrowhead Lake impose restrictions on use. This permits the Association to adopt policies as to the use of properties, including rentals, and by extension, short-term rentals. The Association's ability under the covenants to limit use to single-family residential purposes, to approve owners, guests and family members for membership and honorary membership in the Association and for use of common elements, and from the express language allowing the Association to promulgate rules and regulations as to uses, allows the Association to adopt the short-term rental policy. It is not contrary to the covenants, and is therefore enforceable.

Plaintiffs also argue that the short-term rental policy requires the payment of fees not set forth in the covenants. Plaintiffs assert the only mandated fee to be collected pursuant to the covenants is for an annual assessment that is to be charged the same to all owners for the expense of maintaining, protecting and operating the recreational facilities and the roads. Plaintiffs assert there is no authorization in the covenants to charge additional fees against those owners engaged in short-term rentals. However, as stated above, the covenants do not limit the Association to only collecting annual assessments. The covenants also provide for guests to be approved for honorary membership. How that approval process is done is up to the Association as the covenants are silent. The covenants also allow for additional fees to be charged for use of the beaches and that rules and regulations as to the use of the beaches and other recreational facilities can be established by the Association. This general language grants broad power to the Association. While the covenants provide for a general annual assessment intended to cover the expenses of maintaining, protecting and operating the recreational facilities and the roads in Arrowhead Lake, the covenants do not state that this is the only charge that can be assessed by the Association.

A homeowners association may be viewed as a "miniature government." Hess v. Barton Glen Club, Inc., 718 A.2d 908 (Pa. Cmwlth. 1998). An association has broad powers to enact regulations and assessments. Fogarty v. Hemlock Farms Community Assoc., 685 A.2d 241 (Pa. Cmwlth. 1996). The UPCA also permits the exercise of broad powers for the Association to perform necessary and proper governance. 68 Pa. C.S.A. Section 5302 (a)(2); (16). Here, the language of the covenants gives broad power to the Association to regulate the use of properties by owners for single-family homes, and the use of the common elements. This implies an ability to regulate short-term rentals, as well as other rental terms. For all of the

reasons stated herein, the short-term rental policy is not prohibited by the covenants. It is enforceable without the covenants having to be amended. Plaintiffs' Motion for Summary Judgment will be denied, and an order will be entered denying Plaintiffs' request for declaratory relief.

**COURT OF COMMON PLEAS OF MONROE COUNTY**
**FORTY-THIRD JUDICIAL DISTRICT**
**COMMONWEALTH OF PENNSYLVANIA**

| | |
|---|---|
| **MONET REILLY et al.,** | : **NO. 008215-CV-2022** |
| **Plaintiffs** | : |
| **vs.** | : |
| **ARROWHEAD LAKE COMMUNITY ASSOCIATION,** | : |
| **Defendant** | : **PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

**ORDER**

**AND NOW,** this 5th day of February, 2026, Plaintiffs' Motion for Summary Judgment is DENIED. It is further ordered as follows:

1. Defendant's short-term rental policy does not violate the covenants applicable to lot owners in Arrowhead Lake, and the policy is enforceable as to Plaintiffs and all lot owners.

2. The covenants do not need to be amended in order for Defendant's short-term rental policy to take effect. The policy is effective as to all lot owners in Arrowhead Lake.

3. Plaintiffs' request for Declaratory relief is DENIED.

**BY THE COURT:**

**DAVID J. WILLIAMSON, J.**

cc: James L. Pearl, Esquire
Paul C. Troy, Esquire
Thomas J. Zimmerman, Esquire

Monroe County PA Prothonotary
FEB 5 '26 PM 4:10

DJW2026-007 Reilly v Arrowhead Lake 8215 CV 2022.docx