**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES EVERETT SHELTON, et al.** | : | |
| | : | **NO. 3:26-CV-02320** |
| v. | : | |
| | : | |
| **EMERALD LAKES ASSOCIATION, INC.** | : | **(MEHALCHICK, J.)** |
| | : | |

**<u>REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS</u>**

## I. INTRODUCTION

In accordance with M.D. Pa. L.R. 7.7, Defendant, Emerald Lakes Association, Inc. ("ELA") submits the following Reply Brief in support of its Motion to Dismiss (ECF No. 11), to address matters argued in Plaintiffs' Brief in Opposition (ECF No. 14).

Even accepting all averments and reasonable inferences in their favor Plaintiffs' opposition fails to rebut or refute ELA's arguments concerning dismissal of the UTPCPL claims. ELA incorporates the Procedural History, Statement of Facts, and Legal Argument contained in its Motion to Dismiss, as though fully set forth herein. For the reasons previously discussed, and the arguments set forth herein, ELA respectfully requests that this Honorable Court enter an Order dismissing Plaintiffs' claims, with prejudice.

## II. ARGUMENT

Plaintiffs argue that their transactions fall under the UTPCPL, and that the Complaint further alleges viable claims under the UTPCPL by pleading deceptive conduct, reliance and loss. These arguments miss the mark for several reasons.

### A. Plaintiffs' claims plainly fall outside the scope of the UTPCPL.

First, Plaintiffs cannot show that their claims fall within the UTPCPL. Plaintiffs argue that they initially purchased each property for personal use, and that, at times, their properties are occupied by Plaintiffs. However, none of the Plaintiffs claim to use any of the properties in question as primary residences. Indeed, the Civil Cover Sheet attached to the Complaint lists Plaintiff Shelton's county of residence as Montgomery County, not Monroe County. The Complaint further states that Plaintiff M&P Real Estate Investors is a New Jersey limited liability company with its principal place of business in New Jersey, and that Plaintiff Torres is a citizen of Florida. *See* Complaint (ECF No. 1), ¶ 18.

In support of its Motion to Dismiss, ELA cited numerous cases unequivocally establishing that rental usage places any claims related to the rental property outside the scope of the UTPCPL. Plaintiffs have failed to offer any authority whatsoever to rebut this argument. There is no question that the dispute between the Plaintiffs and ELA is limited to Plaintiffs' use of their properties as rentals, not personal use. In other words, with respect to the transactions at issue in

Plaintiffs' Complaint, the properties' purpose is not "primarily for personal, family, or household purposes." 73 P.S. § 201-9.2(a).

Nor does *Ruffed Grouse Ridge Owners' Association v. Hura* salvage Plaintiffs' UTPCPL claims. As discussed in ELA's initial brief, that case dealt with conflicting interpretations of a restrictive covenant, not the treatment of rental properties under the UTPCPL. A rental property may be permitted use under a declaration, yet still not qualify under the UTPCPL's limited scope. Under these circumstances, Plaintiffs cannot articulate a *prima facie* UPTPCL claim.

**B. At most, Plaintiffs have averred a dispute between the parties over interpretation of the covenants, not fraud or deception.**

Furthermore, Plaintiffs have not articulated actionable conduct under the UTPCPL. Plaintiffs have defined, at most, a fundamental disagreement over the nature of the association's authority under its governing documents, not deceptive conduct.

As discussed in greater detail in ELA's initial brief, Plaintiffs' cited authority relies on their interpretation of materially distinct declarations. In contrast, ELA argues that *Reilly* is instructive, as its covenants are more closely aligned with those of Arrowhead Lake Community Association, than those of the associations in *Hura* and *Chan*. In *Reilly*, the trial court found that the covenants at issue permitted another community association in Monroe County to promulgate short-term rental regulations, including rental fees and fines for violations. The

*Reilly* matter is on appeal, and ELA respectfully submits that the Commonwealth Court's decision may help clarify the rights of community associations with respect to rental programs.

For all their arguments, Plaintiffs have cited no authority to suggest that a dispute over the interpretation of a restrictive covenant gives rise to a UTPCPL claim. It is clear that the parties disagree over the association's authority to enact the rental policies in question: both sides have articulated arguments concerning ELA's ability under its governing documents to regulate the right to rent; both sides have articulated conflicting interpretations of *Chan* and *Hura*; and both sides have cited numerous trial court decisions interpreting the general right of associations to regulate properties within their communities.

At its essence, Plaintiffs' UTPCPL claim against ELA is based on an invalid syllogism: because they disagree with ELA's interpretation of its governing documents and the UPCA, it follows that the rental policies adopted by the association are invalid, and that any attempts to promulgate and/or enforce the policies are necessarily deceptive under the UTPCPL. However, looking beyond the conclusory statements in the Complaint, Plaintiffs cannot sustain a cause of action under the UTPCPL. Clearly, the parties disagree on these issues, but that does not give rise to fraudulent or deceptive conduct under the UTPCPL.

## III. RELIEF

Based on the foregoing argument and authorities, as well as those discussed in the Brief in Support of its Motion to Dismiss (ECF No. 11), Defendant, Emerald Lakes Association, Inc. respectfully requests that this Honorable Court enter an Order dismissing Plaintiffs' Complaint, with prejudice.

Respectfully submitted,

**KANE, PUGH, KNOELL, TROY & KRAMER, LLP**

DATE: 10/15/2026 BY: */s/ Thomas J. Zimmerman*

PAUL C. TROY, ESQUIRE
THOMAS J. ZIMMERMAN, ESQUIRE
Attorney I.D. Nos.: PA 60875 / 316288
4 Sentry Parkway East, Suite 100
Blue Bell, PA 19422
T: (610) 275-2000
F: (610) 275-2018
ptroy@kanepugh.com
tzimmerman@kanepugh.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES EVERETT SHELTON, et al.** | : | |
| | : | **NO. 3:26-CV-02320** |
| v. | : | |
| | : | |
| **EMERALD LAKES** | : | **(MEHALCHICK, J.)** |
| **ASSOCIATION, INC.** | : | |

**CERTIFICATE OF SERVICE**

I, Thomas J. Zimmerman, counsel for Defendant, certify that I caused a true and correct copy of the **REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** to be served on all counsel of record, as follows:

VIA ECF NOTIFICATION
Andrew R. Perrong, Esquire
1669 Edgewood Road, Suite 218
Yardley, PA 19067
a@perronglaw.com

**KANE, PUGH, KNOELL, TROY**
**& KRAMER, LLP**

DATE: 10/15/2026 BY: */s/ Thomas J. Zimmerman*
PAUL C. TROY, ESQUIRE
THOMAS J. ZIMMERMAN, ESQUIRE